## In the Matter of Rosemary A. MACERO.

### No. 2011–290–M.P.

Supreme Court of Rhode Island.

Sept. 21, 2011.

David Curtin.

Rosemary A. Macero.

### ORDER

The respondent, Rosemary A. Macero, was admitted to the practice of law in this state on June 17, 2003. On June 25, 2010, she was placed on inactive status. However, she remains subject to the disciplinary jurisdiction of this Court.

The respondent was also admitted to the practice of law in the Commonwealth of Massachusetts. On April 28, 2011, the Supreme Judicial Court of the Commonwealth of Massachusetts entered an order suspending the respondent from the practice of law in the commonwealth for a term of one year. The effective date of that order of suspension was May 28, 2011. The factual basis for that suspension is that the respondent made misrepresentations as to the date she had submitted a check to pay an appellate fee to a tribunal, filed a motion in which she falsely blamed the United States Postal Service for the lack of timely submission of the appellate fee, attempted to mislead the tribunal into believing her misrepresentations were negligent rather than intentional, and she exhibited a continued lack of candor during the ensuing disciplinary hearing conducted in Massachusetts.

On April 26, 2011, Disciplinary Counsel filed a certified copy of the order of suspension and a petition requesting that we impose reciprocal discipline in accordance

with Article III, Rule 14 of the Supreme Court Rules of Disciplinary Procedure. On May 20, 2011, this Court issued an order to the respondent directing her to inform the court within thirty days of any claim she may have that the imposition of identical discipline in this state would be unwarranted, and the reasons therefore. Our order also informed the respondent that her failure to show cause why the identical discipline should not be imposed would result in the entry of an order suspending her from the practice of law in this state. The respondent did not submit any claim to this Court that identical discipline should not be imposed.

After review of the petition filed by Disciplinary Counsel we deem that an order of suspension is appropriate. Accordingly, it is hereby ordered, adjudged and decreed that the respondent, Rosemary A. Macero, is suspended from the practice of law in this state for one year, effective as of the date of this order.